IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| JAMES A. HENSON, JR. #331667       * | |
|           Plaintiff, | |
| v.                                                          * | CIVIL ACTION NO. RWT-08-3268 |
| CO II HENDERSON, et al.,                * | |
|           Defendants. | |
|                             ***  | |

## MEMORANDUM OPINION

### Background

Plaintiff, who is confined at the Western Correctional Institution ("WCI") in Cumberland, Maryland, filed this 42 U.S.C. § 1983 civil rights action alleging a plethora of claims arising over a number of years concerning his confinement on the segregation tier at WCI. Paper No. 1. Plaintiff alleges that a correctional officer hit him with a food tray and planted a "shank" in his cell. He states that he was harassed by correctional employees and witnessed correctional employees assault other inmates. He also claims that his personal property and legal papers were destroyed by correctional officers, he was improperly denied welfare commissary and the ability to exchange his mattress and pillow, and denied showers.[1] Paper No. 1.

### Dispositive Filings

---

[1] Plaintiff has filed numerous letters with the Court wherein he supplements, expands, and reiterates his claims. Paper Nos. 6, 10, 14, 15, 16, 17, 18, 19, 21, 22, 24, 29, 32, 33, 34, 35 and 38.

Pending is Plaintiff's Motion for court Order DNA Test of Co-Defendant wherein seeks to have a DNA test performed on his pillow. Paper No. 44. It is unclear what Plaintiff hopes to learn from such testing. The Motion shall be denied.

Also pending is Plaintiff's Motion to Submit Administrative Remedy Procedure. Paper No. 48. The Motion shall be granted to the extent Plaintiff wishes the Court to consider the administrative remedy request form in reviewing the pending dispositive motion.

Defendants have filed a Motion to Dismiss or, in the Alternative, Motion for Summary Judgment, which shall be treated as a summary judgment motion. Paper No. 36. Plaintiff has filed numerous responsive materials. Paper Nos. 39, 40, 41, 43, 44, 45, 46, 47, 48, 49 and 50. The case is ready for the Court's consideration. Oral hearing is not deemed necessary. See Local Rule 105.6. (D. Md. 2008). For reasons to follow Defendants' summary judgment motion shall be granted.

## Standard of Review

Fed. R. Civ. P. 56(c) provides that:

> [Summary judgment] shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.

The Supreme Court has clarified that this does not mean that any factual dispute will defeat the motion:

> By its very terms, this standard provides that the mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact.

Anderson v. Liberty Lobby, Inc., 477 U. S. 242, 247-48 (1986) (emphasis in original).

"The party opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" Bouchat v. Baltimore Ravens Football Club, Inc., 346 F.3d 514, 525 (4th Cir. 2003) (alternation in original) (quoting Fed. R. Civ. P. 56(e)). The court should "view the evidence in the light most favorable to...the non-movant, and draw all inferences in her favor without weighing the evidence or assessing the witness' credibility." Dennis v. Columbia Colleton Med. Ctr., Inc., 290 F.3d 639, 644-45 (4th Cir. 2002). The court must, however, also abide

by the "affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial." Bouchat, 346 F.3d at 526 (internal quotation marks omitted) (quoting Drewitt v. Pratt, 999 F.2d 774, 778-79 (4th Cir. 1993), and citing Celotex Corp. v. Catrett, 477 U.S. 317, 323-24 (1986)).

"The party opposing a properly supported motion for summary judgment may not rest upon mere allegations or denials of [its] pleading, but must set forth specific facts showing that there is a genuine issue for trial." Rivanna Trawlers Unlimited v. Thompson Trawlers, Inc., 840 F.2d 236, 240 (4th Cir. 1988). The court has an obligation to ensure that factually unsupported claims and defenses do not go to trial. See Felty v. Graves-Humphreys Co., 818 F.2d 1126, 1128 (4th Cir. 1987) (citing Celotex Corp. v. Catrett, 477 U. S. 317, 323-24 (1986)).

## **Analysis**

The Court must first examine Defendants' contention that this action should be dismissed in its entirety due to Plaintiff's failure to exhaust available administrative remedies. The Prison Litigation Reform Act ["PLRA"] generally requires a prisoner plaintiff to exhaust administrative remedies before filing suit in federal court. Title 42 U.S.C. § 1997e(a) provides that "[n]o action shall be brought with respect to prison conditions under § 1983 of this title, or any other Federal law by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." The Supreme Court has interpreted the language of this provision broadly, holding that the phrase "prison conditions" encompasses "all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002). Thus, the exhaustion provision plainly extends to Plaintiff's allegations. His claims must be dismissed, unless

3

he can show that he has satisfied the administrative exhaustion requirement under the PLRA or that Defendants have forfeited their right to raise non-exhaustion as a defense. See Chase v. Peay, 286 F.Supp.2d 523, 528 (D.Md. 2003).

The PLRA's exhaustion requirement is designed so that prisoners pursue administrative grievances until they receive a final denial of the claims, appealing through all available stages in the administrative process. See Chase, 582 F.Supp.2d at 530; Gibbs v. Bureau of Prisons, 986 F.Supp. 941, 943-44 (D.Md. 1997) (dismissing federal prisoner's lawsuit for failure to exhaust, where prisoner did not appeal administrative claim through all four stages of the BOP's grievance process); Booth v. Churner, 532 U.S. 731, 735 (2001) (affirming dismissal of prisoner's claim for failure to exhaust where he "never sought intermediate or full administrative review after prison authority denied relief"); Thomas v. Woolum, 337 F.3d 720, 726 (6th Cir. 2003) (prisoner must appeal administrative rulings "to the highest possible administrative level"); Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir.) (prisoner must follow all administrative steps to meet the exhaustion requirement, but need not seek judicial review).

In Maryland, filing a request for administrative remedy with the Warden of the prison in which one is incarcerated is the first of three steps in the Administrative Remedy Procedure ("ARP") process provided by the Division of Correction to its prisoners. If this request is denied, the prisoner has ten calendar days to file an appeal with the Commissioner of Correction. If this appeal is denied, the prisoner has thirty days in which to file an appeal to the Executive Director of the Inmate Grievance Office ("IGO"). See Md. Code Ann. Corr. Serv. §§ 10-206, 10-210; Md. Regs. Code title 12 § 07.01.03.

The uncontroverted evidence shows that Plaintiff never filed an administrative remedy

regarding any of his claims. Paper No. 36, Ex. A and B.  In an effort to contradict affidavits supplied by Defendant,  Plaintiff states that several administrative remedy forms were confiscated from his cell.  Plaintiff does not, however, aver that the documents were confiscated, nor does he state that any of the confiscated forms raised the same issues complained of in this complaint. Moreover, Plaintiff has failed to allege, much less demonstrate, that he pursued his administrative remedies throughout all levels of the process. Rather, Plaintiff has submitted to the Court copies of administrative remedies filed years after the alleged incidents, and months after he instituted the instant case. Paper Nos. 46-50.   One of these ARPs recently submitted to the Court was submitted to the ARP coordinator in August, 2009, and concerned the claim that a correctional employee planted  a "shank" in Plaintiff's cell.[2]  The remainder concern claims not of constitutional significance (denial of nail clippers, exchange of mattress and pillow).  Clearly Plaintiff has failed to exhaust available administrative remedies with regard to each of his claims. Unlike the prisoner plaintiff in Taylor v. Barnett, 105 F.Supp. 483, 486 (E.D. Va. 2000), prison officials do not appear to

---

[2] Even if the Court found that this claim was properly before the Court, Plaintiff's claim would fail.  In prison disciplinary proceedings where a prisoner faces the possible loss of good conduct credits he is entitled to certain due process protections. See Wolff v. McDonnell, 418 U.S. 539, 564 (1974).  These include advance written notice of the charges against him, a hearing, the right to call witnesses and present evidence when doing so is not inconsistent with institutional safety and correctional concerns, and a written decision.  Wolff, 418 U. S. at 564-571.  Substantive due process is satisfied if the disciplinary hearing decision was based upon "some evidence."  Superintendent, Mass. Correctional Institute v. Hill, 472 U.S. 445, 455 (1985).

The uncontroverted records demonstrate that on November 27, 2008, a weapon "shank" and pills were found in Plaintiff's cell.  Paper No. 36, Ex. F, p. 22.  Plaintiff was served with notice of inmate rule violations on the same date. Id.  He appeared before an adjustment hearing officer ("AHO") on December 17, 2008, and pleaded not guilty to the charges.  Id. at  p. 25.  He waived his right to have witnesses on his behalf. Id.  Plaintiff testified at his adjustment hearing that after Officers Barrett and Barb planted the "shank" in his cell.  He did not offer any testimony regarding the medicine found in his cell. Id., at p. 26.  The violation report of Officer Barb, information report of Officer Miller, photos of the weapon and pills confiscated were entered into evidence. Id. The AHO found that Plaintiff did posses a sharpened toothbrush with a cloth handle as well as medicine-pills and was found guilty of the rule infractions.  Id. One hundred ninety good time credits were revoked. Id.  Plaintiff received a copy of the AHO's decision on January 15, 2009. Id., at p. 30.

In light of the facts outlined in the preceding paragraph, the undersigned finds that Plaintiff's due process rights were not violated.  Plainly, Plaintiff was afforded the procedural due process required under law.

5

have frustrated Plaintiff's attempts at exhaustion; instead, Plaintiff through his own actions failed to file the appropriate administrative remedy requests and/or to pursue each remedy through all levels of the administrative process.

Dismissal is appropriate.  A separate Order will be entered in accordance with this Memorandum Opinion.


Date: September 11, 2009                                              /s/
                                                           ROGER W. TITUS
                                                           UNITED STATES DISTRICT JUDGE